UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REQUEST FOODS, INC.

     Plaintiff,

v.

PARTNER'S PRODUCE, INC.,

     Defendant.

Case No. 1:25-cv-01920

HON. HALA Y. JARBOU

## STIPULATED PROTECTIVE ORDER

THE PARTIES HAVING STIPULATED AND AGREED, through their attorneys, to the entry of a Protective Order that shall be applicable to and govern the production or other disclosure of confidential information in connection with this matter and for good cause shown,

IT IS HEREBY ORDERED:

### Proceedings and Information Governed.

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes all information and documents that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order.

### Designation and Maintenance of Information.

2. For purposes of this Protective Order, the "Confidential Information" includes information and documents that are generally maintained confidential by the party, including, but not limited to, personnel information, medical information, financial information, or

commercial information that is not publicly known, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential.

3.    Documents and things produced during this litigation within the scope of paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: **CONFIDENTIAL.**

4.    A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition or within 14 days of receipt of the final court reporter transcript.  If no such designation is made, the deposition will be considered devoid of Confidential Information.

5.    If a party fails to appropriately designate Confidential information, the party may subsequently do so by notifying the recipient's counsel, and providing bates numbers for the documents to be marked Confidential moving forward.

6.    A copy of this protective order should be provided to third-party subpoena recipients, for their review to determine whether Confidential designations are needed on any documents produced in response to the subpoena request.

**Challenge to Designation.**

7.    A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request that the producing party change the designation.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the designated documents shall file a motion about any designated documents in dispute.  All Protected Documents are entitled

to confidential treatment pursuant to the terms of this Order until a contrary determination is made by the court as to whether all or a portion of a designated documents is entitled to confidential treatment.

### Disclosure and Use of Confidential Information.

8.      Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action.  Confidential Information may not be used under any circumstance for any other purpose.

9.      Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a)      employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions;

b)      in-house counsel for the receiving party;

c)      outside counsel for the receiving party;

d)      supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

e)      experts or consultants retained by the receiving party;

f)      any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and

g)      deponents and witnesses; and

h)      the Court, including all Court personnel.

3

10.     It is agreed that inadvertent production of a document or information subject to any privilege including the attorney-client privilege or work product immunity, despite the parties' reasonable efforts to pre-screen such document or information prior to its production, does not waive the privilege. This Order shall not prejudice the right of the parties to oppose the admissibility of any of the documents produced on the grounds of lack of relevancy, privilege, or any other legal reason.

### Subpoena or Other Process Seeking Documents.

11.     Any party who has received Confidential Information, and who is thereafter compelled by any law or Court order to disclose such Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing party of the obligation to disclose.  Any such party shall also disclose only the particular Confidential Information required to be disclosed.

### Conclusion of Litigation.

12.     Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done.  However, counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

4

**Remedies.**

13.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

14.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**IT IS SO ORDERED.**

Date: April 29, 2026                              /s/ Ray Kent
                                                  Hon. Ray Kent
                                                  United States Magistrate Judge

**STIPULATED:**

 */s/ Christopher J. Predko*                       */s/ Kate M. Hahn (w/permission)*
Christopher J. Predko (P56040)                    Edward W. Hearn (P85022)
WARNER NORCROSS + JUDD LLP                         Kate M. Hahn
150 Ottawa Ave., NW, Suite 1500                   JOHNSON & BELL, P.C.
Grand Rapids, Michigan 49503                      11041 Broadway
(616) 752-2190                                    Crown Point, Indiana 46307
cpredko@wnj.com                                   hearne@jbltd.com
*Counsel for Plaintiff*                           *Counsel for Defendant*

032887.225130 #34240968-1

5